UNITED STATES DISTRICT COURT

EASTERN DISTRICT OF LOUISIANA

| | | |
|---|---|---|
| MARLIN N. GUSMAN | * | CIVIL ACTION NO.: |
| IN HIS OFFICIAL CAPACITY AS | * | |
| THE SHERIFF OF THE PARISH | * | |
| OF ORLEANS | * | |
| | * | |
| | * | |
| VERSUS | * | JUDGE |
| | * | |
| THE NEW YORK TIMES COMPANY, | * | |
| JONAH M. KESSEL, TAIGE JENSEN, | * | |
| LEAH VARJACQUES, JAPHET | * | |
| WEEKS, AND RODNEY ROUSSELL | * | MAGISTRATE |
| | * | |
| * * * * * * * * * * * * * * * * * * | | |

## COMPLAINT

NOW INTO COURT, through undersigned counsel comes plaintiff, MARLIN N. GUSMAN, in his official capacity as the Sheriff of the Parish of Orleans, who respectfully represents as follows:

## JURISDICTION

1.

Jurisdiction exists in this Honorable Court pursuant to 28 U.S.C. § 1332 and the Constitution and laws of the United States of America; defendants specifically and purposefully targeted residents and a political subdivision of the State of Louisiana, with full knowledge and intent that the effects of their actions would be felt in the State of Louisiana, and therefore purposefully availed themselves of the jurisdiction of this Honorable Court. *See, e.g. Calder v. Jones*, 465 U.S. 783, 104 S.Ct. 1482, 79 L. Ed. 2d 804 (1984). Plaintiffs aver that their damages exceed the jurisdictional threshold of $75,000 under 28 U.S.C. § 1332.

## PARTIES

### PLAINTIFF

2.

MARLIN N. GUSMAN, individually and in his official capacity as the Sheriff of Orleans, is an adult citizen domiciled in the Parish of Orleans, State of Louisiana. He is the elected Sheriff of the Parish of Orleans.

### DEFENDANTS

3.

THE NEW YORK TIMES COMPANY is a foreign corporation with its principal place of business in the State of New York. At all times pertinent herein, they;

4.

JONAH M. KESSEL, a person of full age of majority, is an adult citizen residing in the State of New York;

5.

TAIGE JENSEN, a person of full age of majority, is an adult citizen residing in the State of New York;

6.

LEAH VARJACQUES, a person of full age of majority, is an adult citizen residing in the State of New York;

7.

TAIGE JENSEN, a person of full age of majority, is an adult citizen residing in the State of New York; and

8.

RODNEY ROUSSELL, a person of full age of majority, is an adult citizen residing in the Parish of Assumption, State of Louisiana.

**VENUE**

9.

Venue is proper in this Honorable Court pursuant to the provisions of 28 U.S.C. § 1391(b)(3).

**LAW**

10.

This matter is pled pursuant to the substantive laws of the State of Louisiana, which are made applicable hereto by the *Erie* Doctrine and/or the Constitution and laws of the United States of America.

11.

Defamation is an actionable claim under Louisiana law, arising out of Louisiana Civil Code article 2315.

12.

Libel and/or false light invasion is an actionable claim under Louisiana law, arising out of Louisiana Civil Code article 2315.

13.

Trespass is an actionable claim and an intentional tort under Louisiana law.

## FACTS

14.

On or about July 9, 2018, defendant THE NEW YORK TIMES COMPANY digitally published a "video op-ed" (the "Video") on its website, www.nytimes.com,[1] titled "The Rape Jokes We Still Laugh At." Defendant JONAH M. KESSEL was the Director of Photography for the Video. Defendant TAIGE JENSEN was the Editor of the Video. Defendants LEAH VARJACQUES, and JAPHET are the Producers of the Video. At all times pertinent herein, JONAH M. KESSEL, TAIGE JENSEN, LEAH VARJACQUES, and JAPHET WEEKS operated under the employment and/or as contractors of defendant THE NEW YORK TIMES COMPANY. Defendant RODNEY ROUSSELL appears in the Video and narrates all speech contained in the Video, with the exception of brief video clippings of other television programs. As set forth in this Complaint, this Video constitutes "fake news" in every sense of the phrase.

15.

In the Video, defendant RODNEY ROUSSELL describes being the victim of an alleged sexual assault or sexual assaults which occurred during a period in which he was incarcerated.

16.

At 1:03 in the Video, defendant RODNEY ROUSSELL is depicted walking on Perdido Street immediately adjacent to Templeman Phase V, a closed facility formerly operated as a jail at the Orleans Parish Sheriff's Office. Templeman Phase V is located in Orleans Parish.

17.

As defendant RODNEY ROUSSELL walks along the side of Templeman V, and while

---

[1] https://www.nytimes.com/2018/07/09/opinion/contributors/the-rape-jokes-we-still-laugh-at.html as accessed at 12:40 p.m. on July 13, 2018.

4

defendant RODNEY ROUSSELL begins to describe a sexual assault, defendants JONAH M. KESSEL, TAIGE JENSEN, LEAH VARJACQUES, and JAPHET WEEKS cause text to appear on the screen which reads "Rodney Roussell served nine years in prison for check fraud" with the Templeman Phase V security perimeter clearly visible in the background of the image.

18.

The Video continues. At 1:17 in the Video, defendant RODNEY ROUSSELL is depicted standing on Dupree Street, immediately in front of the sally port entrance to the Orleans Justice Center, a modern jail facility operated by the Orleans Parish Sheriff's Office. At the same timestamp in the Video, defendants JONAH M. KESSEL, TAIGE JENSEN, LEAH VARJACQUES, and JAPHET WEEKS cause the text "Orleans Parish Prison, New Orleans" to appear on the screen.

19.

At 1:27 in the Video, defendant RODNEY ROUSSELL is portrayed in front of a screen reflecting video footage of the inside of Templeman Phase V, specifically the area known as the main holding tank. Defendant RODNEY ROUSSELL is representing that there were no guards present "here" while pointing at the image of the main holding tank, further stating that the guards had to come from "the booking area" to come and "see anything that was going on in here." At all times during which defendant RODNEY ROUSSELL is making references to "here" while pointing at the video screen, defendants JONAH M. KESSEL, TAIGE JENSEN, LEAH VARJACQUES, and JAPHET WEEKS are causing footage of the main holding tank of Templeman Phase V and the main corridor of the "A-Wing" of Templeman Phase V."

20.

As the Video continues, defendant RODNEY ROUSSELL vividly describes a series of violent sexual assaults and sexual and physical control of Mr. Roussell by other, unnamed inmates. At 2:29 in the Video, as defendant RODNEY ROUSSELL describes himself as being bartered and gambled like a piece of property, the official star logo of the Orleans Parish Sheriff's Office, with the words "Sheriff," "Orleans Parish," and "State of Louisiana," is caused to be displayed by JONAH M. KESSEL, TAIGE JENSEN, LEAH VARJACQUES, and JAPHET WEEKS. As the Video continues, approximately 10 seconds after the display of Plaintiff's logo, defendant RODNEY ROUSSELL describes "the staff" as being knowing participants in what is described as sexual slavery, observing defendant RODNEY ROUSSELL being forced to dance and mocking him in the process before leaving the tier.

21.

The Video continues. At 3:40, as defendant RODNEY ROUSSELL is describing being forced to conceal his genitals to appear feminine and being subject to attack for any masculine behavior, defendants JONAH M. KESSEL, TAIGE JENSEN, LEAH VARJACQUES, and JAPHET WEEKS cause another image of defendant RODNEY ROUSSELL standing in front of the Orleans Justice Center, the jail facility operated by the Plaintiff, to be prominently displayed in the background. Also seen in the footage are several signs depicting the Plaintiff's star logo.

22.

The Video continues. At 3:52 in the Video, defendant RODNEY ROUSSELL is pictured standing on Dupree Street facing Tulane Avenue, standing immediately adjacent to the Temporary Intake and Processing Center (IPC) of the Orleans Parish Sheriff's Office, another

6

closed facility. In the background of the image displayed by JONAH M. KESSEL, TAIGE JENSEN, LEAH VARJACQUES, and JAPHET WEEKS, the Community Corrections Center (CCC), another closed facility of the Orleans Parish Sheriff's Office is seen in the background. Simultaneously, as these images of jail facilities operated now or formerly by the Plaintiff are prominently displayed, and as defendant RODNEY ROUSSELL stares in the direction of the Orleans Justice Center, defendant RODNEY ROUSSELL states, "I lost me here."

23.

The Video continues. At 3:58 in the Video, footage moving into the entrance alleyway of Templeman Phase V is displayed by JONAH M. KESSEL, TAIGE JENSEN, LEAH VARJACQUES, and JAPHET WEEKS. The footage immediately changes to the A-2 cellblock of Templeman Phase V, depicting cells, bunks, and toilets of the facility, which has been closed for three years. Simultaneously, as the footage of plaintiff's building are being prominently displayed, defendant RODNEY ROUSSELL is reading, "I lost my humanity here. I lost my identity here. I lost myself here." As the footage continues, defendant RODNEY ROUSSELL is seen on camera facing a video screen containing footage of Templeman Phase V, and states simultaneously that "so the memories are coming back to me…mad. It's like I'm angry or something. . . at the building. It's a weird feeling." as he views the images of Templeman Phase V shown by JONAH M. KESSEL, TAIGE JENSEN, LEAH VARJACQUES, and JAPHET WEEKS.

7

24.

The webpage on which the Video is posted states in its introductory paragraph, "In this video Op-Ed, Rodney Roussell tells his painful story for the first time on camera. Convicted of check fraud, Mr. Roussell spent nine years in prison in Louisiana, where he was raped and sold into sexual slavery for $20 in commissary items." The caption under the video states, "In the #MeToo era, punch lines about sexual assaults in jail remain acceptable. But to Rodney Roussell, they're a painful reminder of the nine years he spent in prison, where he was raped and sold into sexual slavery."

25.

The only name of any jail, prison, or agency displayed at any time in either the Video created, filmed, produced, edited, and published by the defendants, or on the webpage drafted and published by the defendants, is the name of the office held by the Plaintiff, the Orleans Parish Sheriff's Office, and the Orleans Parish Prison.

26.

The only images and/or videos of any jail, prison, or agency displayed at any time in either the Video created, filmed, produced, edited, and published by the defendants, or on the webpage drafted and published by the defendants, are images of jail facilities currently owned by, and formerly operated and/or currently operated by, the Plaintiff and the office he holds, the Orleans Parish Sheriff's Office.

27.

The detailed sexual assaults alleged in the Video by the defendants actually are alleged to have occurred in Union Parish, Louisiana, as detailed in defendant RODNEY ROUSELL'S federal complaint, filed on or about March 7, 2014, in the United States District Court for the Western District of Louisiana, under Civil Action No. 3:14-cv-0521 Section "P".  In that pleading, defendant RODNEY ROUSSELL describes in detail that he began being repeatedly sexually assaulted in "UPDC" approximately 8 days after he arrived there on February 1, 2011.  The Plaintiff's Complaint continues for approximately two pages and details the same incidents discussed by defendant RODNEY ROUSSELL in the video.  At no time does defendant RODNEY ROUSSELL suggest that any of the sexual activity or assaults occurred in or around in Orleans Parish.  Union Parish Detention Center is approximately 5 hours driving distance from any facility depicted in the Video.  The Times-Picayune subsequently published a story referencing the Video and containing factual data regarding the actual location of the alleged assaults.[2]

28.

In fact, defendant RODNEY ROUSSELL had not been incarcerated in any Orleans Parish Sheriff's Office facility since 2007, nearly 7 years prior to his allegations, and on the date of his last arrest, August 24, 2007, he spent less than 24 hours in Central Lockup. Further, the defendant RODNEY ROUSSELL has never been incarcerated in Templeman Phase V at any time in which he was incarcerated in Orleans Parish.

---

[2] https://www.nola.com/crime/index.ssf/2018/07/prison_rape_new_york_times_lou.html as viewed on July 13, 2018 at 1:55 p.m.

29.

The portrayal of numerous videos and/or photographs of Plaintiff's jail facilities and/or office by defendants, as well as graphical display of the name of Plaintiff's jail facility "the Orleans Parish Prison, New Orleans" as defendant RODNEY ROUSSELL describes sexual assaults, constitutes untrue and defamatory statements which have caused the Plaintiff damages and which continue to cause the Plaintiff damages. Defendants had no basis for the publication of the Video purported to be about the Plaintiff's jail facilities and/or office had no basis for the publication and they knew and/or should have known that the statements would harm Sheriff Gusman, the Orleans Parish Sheriff's Office, the Orleans Parish jail facilities including, but not limited to, the currently operated Orleans Justice Center, and that such video would tarnish the reputation of the Plaintiff and his office and that it would deter others from associating or dealing with the Plaintiff and his office, including causing significant harm to his ability to recruit staff.

30.

The conscious decision by defendant RODENY ROUSSELL to name the facility in which the assault(s) allegedly occurred, and the conscious decision by the defendants THE NEW YORK TIMES COMPANY, JONAH M. KESSEL, TAIGE JENSEN, LEAH VARJACQUES, and JAPHET WEEKS to not portray video footage of the jail or prison facility where the assault(s) allegedly occurred, or to even reference the name of the jail or prison facility where the assault(s) allegedly occurred in the Video or article, and to instead portray and graphically name the Orleans Parish Prison and other Orleans jail facilities, despite clearly having cinema-quality video editing capabilities, was done with knowing and reckless disregard of the facts and actual malice towards the Plaintiff and his office.

10

31.

The Video and article, when read as a whole, is a conscious attempt to defame the Plaintiff, his office, the jail facilities, and his staff in a false light before the public.

32.

Moreover, the article and Video itself are evidence of actual malice or intent to defame the plaintiff as it was clearly politically motivated, with intent to cause the plaintiff's office to lose favor in the eyes of the community and/or to cause the community to hold the plaintiff and his office up to scorn, disdain, and/or ridicule, and to impede the plaintiff's ability to recruit and retain quality staff in an effort to comply with the federal Consent Judgment (the "Consent Judgment") entered in *Jones, et al. v. Gusman*, et al. EDLA No. 12-00859. The Video was published without verification of any facts, and in direct contradiction of known facts contained in a federal pleading drafted by defendant RODNEY ROUSSELL and available publicly, with no regard for the impact and damage it would have on the Plaintiff and his office.

33.

THE NEW YORK TIMES COMPANY publishes www.nytimes.com and the New York Times newspaper and is solely responsible for its content. As the employer and/or contractor of JONAH M. KESSEL, TAIGE JENSEN, LEAH VARJACQUES, and JAPHET WEEKS, who were at all times engaged in the exercise of functions in which they are employed, THE NEW YORK TIMES COMPANY is vicariously liable for the damages occasioned by JONAH M. KESSEL, TAIGE JENSEN, LEAH VARJACQUES, and JAPHET WEEKS. La. C.C. art. 2320.

34.

THE NEW YORK TIMES COMPANY is solely responsible for all content published

11

under "The New York Times" channel on YouTube and is thus responsible for the publication of the video on YouTube, and all damages caused by viewing directly on YouTube or while viewed on other sites via hotlink.

35.

As a result of the defamatory and untrue Video and article, the plaintiff and his office have been subjected to, continue to be subjected to, and will be subjected in the future to, a reduced ability to recruit and retain staff, loss of value to expended recruiting funds, increased difficulty in an effort towards compliance with the Consent Judgment, increased difficulty in successful completion of the Prison Rape Elimination Act audit, increased exposure to litigation and increased costs of defense associated therewith, damage to reputation, and unnecessary criticism.

**FIRST CAUSE OF ACTION**

36.

Plaintiff repeats, re-alleges, and incorporates by reference all of the preceding allegations of this Complaint.

37.

By conspiring to author and publish the Video and associated article, the defendants have engaged in a malicious attempt to discredit the plaintiff and his office, cause him and his office to become estranged from the community, harmed his ability to recruit and retain staff, harmed his ability to comply with the Consent Judgment, increased his exposure to litigation and costs associated therewith, and caused damage to his reputation and relationships community and state-wide.

38.

Plaintiff avers that defendants herein, THE NEW YORK TIMES COMPANY, JONAH M. KESSEL, TAIGE JENSEN, LEAH VARJACQUES, JAPHET WEEKS, and RODNEY ROUSSELL are *solidarily* liable unto plaintiff for damages that are reasonable in the premises as a direct and proximate result of defendants' nonprivileged publication of defamatory images, words, and speech falsely representing that the alleged sexual assault of defendant DENNIS ROUSSELL occurred in Orleans Parish, and specifically in a facility under the direction of the Plaintiff and his office, falsely and out of context, with malice and/or reckless disregard of the truth of their assertions and without probable cause.

39.

The Video and the article associated with the Video made about the Plaintiff and his office are considered defamatory *per se*.

**SECOND CAUSE OF ACTION**

40.

Plaintiff repeats, re-alleges, and incorporates by reference all of the preceding allegations of this Complaint.

41.

Plaintiff avers that defendants herein, THE NEW YORK TIMES COMPANY, JONAH M. KESSEL, TAIGE JENSEN, LEAH VARJACQUES, JAPHET WEEKS, and RODNEY ROUSSELL are *solidarily* liable unto plaintiff for damages that are reasonable in the premises as a direct and proximate result of defendants' intentionally, with malice and/or reckless disregard for the truth of their assertions and without probable cause, subjecting plaintiff and his office to

publicity that unreasonably places the plaintiff in a false light before the public by falsely representing that the alleged sexual assault of defendant DENNIS ROUSSELL occurred in Orleans Parish, and specifically in a facility under the direction of the Plaintiff and his office for purposes of subjecting plaintiff to scorn, ridicule, and/or disdain in the community and nationwide.

### THIRD CAUSE OF ACTION

42.

Plaintiff repeats, re-alleges, and incorporates by reference all of the preceding allegations of this Complaint.

43.

Plaintiff avers that defendants herein, THE NEW YORK TIMES COMPANY, JONAH M. KESSEL, TAIGE JENSEN, LEAH VARJACQUES, JAPHET WEEKS, and RODNEY ROUSSELL are *solidarily* liable unto plaintiff for damages that are reasonable under the premises for the intentional tort of trespass into Templeman Phase V, through their intentional, unauthorized, and unlawful entry into the Templeman Phase V jail facility in order to obtain film and/or footage to create the Video.

### DAMAGES AND RELIEF SOUGHT

44.

The actions of the Defendants, jointly severally and as co-conspirators, constitute the torts of defamation, libel and/or false light invasion of privacy, and trespass.

45.

Plaintiff's damages exceed the minimum jurisdictional amount. He itemizes the

categories of his damages to include, but not be limited to:

    a.    Damages to the Sheriff's personal and Sheriff's Office's reputation(s);

    b.    Personal embarrassment and humiliation;

    c.    Demoralization of the staff of the Orleans Parish Sheriff's Office;

    d.    Inability to recruit and retain staff of the Orleans Parish Sheriff's Office;

    e.    Loss and/or waste of funds expended on recruiting and retention of staff of the Orleans Parish Sheriff's Office.

    f.    Loss of opportunities for grants and funding to improve the quality of life of staff and inmates;

    g.    Loss of ability to secure volunteers for inmate programming;

    h.    Increased exposure to litigation and costs associated therewith;

    i.    Damage of ability to expeditiously comply with Consent Judgment;

    j.    Damage of ability to complete Prison Rape Elimination Act audit; and

    k.    Any and all other damages to be proven at the trial of this matter.

Plaintiff prays for an award by this Honorable Court for reasonable damages under the circumstances.

### 46.

Plaintiff further prays for declaratory and injunctive relief, ordering defendants to immediately and forever cease and desist all publication of the Video and/or articles associated with the Video on defendants' own website or any social media websites.

### 47.

Plaintiff is entitled to and prays for a trial by jury on all factual issues pled herein.

WHEREFORE, plaintiff, Sheriff Marlin N. Gusman, in his official capacity as the Sheriff for the Parish of Orleans, prays that in the form of law and according to the Federal Rules of Civil Procedure issue against the defendants, THE NEW YORK TIMES COMPANY, JONAH M. KESSEL, TAIGE JENSEN, LEAH VARJACQUES, JAPHET WEEKS, and RODNEY ROUSSELL, directing them to appear and answer the matters aforesaid, and that after due proceedings have been had, there be judgment in favor of plaintiff, for reasonable damage, together with legal interest from the date of occurrence until paid and for all costs of these proceedings; plaintiff further prays for all general and equitable relief which the justice of the cause may require, and to which he may otherwise be entitled by law.

Respectfully submitted,

**ORLEANS PARISH SHERIFF'S OFFICE**

_____
BLAKE J. ARCURI (LSBN 32322)
FREEMAN R. MATTHEWS (LSBN 9050)
2800 Perdido Street
New Orleans, LA 70112
Tel: 504.202.9404; Fax: 504.202.9454
arcurib@opso.us
*COUNSEL FOR PLAINTIFF,*
*SHERIFF MARLIN N. GUSMAN*